WO                                                                                                                          MGD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Eric Perez,

            Plaintiff,

v.

Charles L. Ryan, et al.,

           Defendants.

No. CV 19-05602-PHX-MTL (JFM)

**ORDER**

Plaintiff Eric Perez, who is currently in the custody of the Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR) and is represented by counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant Ryan's Motion to Dismiss, which Plaintiff opposes. (Docs. 74, 77.)

**I.    Background**

Plaintiff alleges in his Complaint that Defendants have failed to protect him "from known harm in the form of other prisoners assaulting him" because he has aided law enforcement and is known as a "snitch." (Doc. 20 at 1.) Plaintiff alleges that front-line Correctional Officers (COs) have told other prisoners that Plaintiff is a snitch and added a false rumor that Plaintiff had exposed himself to a female officer, knowing these rumors would put Plaintiff in danger of assault. (*Id*. at 1-2.) As a result, Plaintiff was assaulted and injured by other prisoners on several occasions in November 2017. (*Id*. ¶¶ 17, 33, 51.)

Plaintiff asserts an Eighth Amendment failure-to-protect claim in Count One against Defendants Assistant Deputy Warden (ADW) Chavez, and COs Denault, Palomino,

Coscorelli, Wickware, Hill, Reyes, and Soliz (the "Individual Defendants"). Plaintiff alleges that the Individual Defendants were aware that their actions of spreading rumors about Plaintiff being a confidential informant and exposing himself to a woman would put Plaintiff in danger of being assaulted and that their actions caused Plaintiff to be assaulted and injured. (*Id*. ¶¶ 129-132.)

Plaintiff asserts a failure-to-train and supervise claim in Count Two against Defendants former ADCRR Director Ryan, Warden Larson, ADW Chavez, and Sergeants Fink and Parra (the "Supervisory Defendants"). (*Id*. at 22.) Plaintiff alleges that the Supervisory Defendants "were aware that the Individual Defendants were spreading dangerous rumors about [Plaintiff] and that the rumors would cause other prisoners to assault [Plaintiff]. (*Id*. ¶ 134.) Plaintiff further alleges that the Supervisory Defendants "have an unwritten custom and practice of allowing front-line COs, including the Individual Defendants, of controlling prisoners by spreading rumors among the other prisoners that they know will prompt assaults" and that this custom and practice caused Plaintiff to be assaulted and injured. (*Id*. ¶¶ 135-36.) In describing the nature of the action, Plaintiff alleges that the Supervisory Defendants "were aware that the COs were placing [Plaintiff] in harms' way, but failed to intervene to protect [Plaintiff], and either actively or by inaction, approved of the actions of the COs as a means of controlling prisoner behavior." (*Id*. at 2.) Plaintiff further alleges that Defendant Ryan, as Director of ADCRR, was responsible for the overall operations, policies and practices of the Arizona state prison system, including training and supervision, and "[o]n information and belief, Defendant Ryan was responsible for, and aware of the custom and practice of allowing prisoners to threaten and assault each other as a means of controlling their behavior." (*Id*. ¶ 1.)

On screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a failure-to-protect claim in Count One against Defendants Chavez, Denault, Palomino, Coscorelli, Wickware, Hill, Reyes, and Soliz in their individual capacities, and a failure-to-train claim in Count Two against current ADCRR Director Shinn in his official capacity and against Ryan, Larson, Chavez, Aven, and Parra

in their individual and official capacities. (Doc. 5.)  The Court dismissed the remaining claims.  (*Id.*)

Defendant Ryan now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claim against him on the ground that Plaintiff fails to state a claim.  (Doc. 74.)  Alternatively, Ryan argues that he is entitled to qualified immunity.  (*Id.*)

## II.  Motion to Dismiss

### A.  Legal Standard

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  Dismissal of the complaint, or any claim within it, may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted).  In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

### B.  Discussion

A Rule 12(b)(6) motion to dismiss is almost never an appropriate response when the Court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendants to respond.  The standard for dismissal under Rule 12(b)(6) is identical to the standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be granted").  After the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss should be granted only if the defendants

can convince the Court that reconsideration is appropriate.  Reconsideration is appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

As mentioned, the Court screened Plaintiff's Complaint and determined that his allegations sufficiently stated a plausible claim for relief in Count Two against Defendant Ryan. (Doc. 5.)  To the extent Ryan now seeks reconsideration of the Screening Order, his Motion, which was filed seven months after the Screening Order, is untimely. *See* LRCiv 7.2(g)(2) (motion for reconsideration must be filed no later than 14 days from date of the Order that is subject of the motion).  Nor has Ryan shown that the Court committed clear error, that its initial decision was manifestly unjust, or that there has been an intervening change in controlling law.  Therefore, the Court will deny Ryan's Motion to Dismiss to the extent he argues that Plaintiff failed to state a claim.

### C. **Qualified Immunity**

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In deciding if qualified immunity applies, a court must determine: (1) whether the facts alleged show the defendant's conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 230-32, 235–36 (2009).  Courts have discretion in deciding which of these two prongs to address first depending on the circumstances. *Id.*

When a defendant asserts qualified immunity in a Rule 12(b)(6) motion to dismiss, the court must accept the allegations in the complaint as true, and "dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies." *Morely v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999) (quoting *Groten*, 251 F.3d at 851).  In this case, because the Court has screened Plaintiff's Complaint and determined

that he sufficiently stated an Eighth Amendment failure-to-train claim against Ryan, the allegations in the Complaint are taken as true, and the first prong of the qualified immunity analysis is satisfied. The analysis therefore turns on the second prong—whether the right at issue was clearly established at the time of the violation.

For a right to be clearly established there does not have to be a case directly on point; however, "'existing precedent must have placed the statutory or constitutional question beyond debate.'" *White v. Pauly*, ___ U.S. ____, 137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 577 U.S. ____, 136 S. Ct. 305, 308 (2017)). A right is clearly established when case law has been "earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law." *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017) (citing *White*, 137 S. Ct. at 551). If there is no Supreme Court or Circuit precedent, courts "'look to whatever decisional law is available to ascertain whether the law is clearly established' for qualified immunity purposes, 'including decisions of state courts, other circuits, and district courts.'" *Boyd v. Benton Cnty.*, 374 F.3d 773, 781 (9th Cir. 2004) (quoting *Drummond v. City of Anaheim*, 343 F.3d 1052, 1060 (9th Cir. 2003)).

In his Complaint, Plaintiff alleges that Ryan and the other Supervisory Defendants were aware that the Individual Defendants were spreading dangerous rumors about Plaintiff and that the Supervisory Defendants had an unwritten custom and practice of allowing front-line COs to control prisoners by spreading rumors among the other prisoners that they know will prompt assaults, which caused Plaintiff to be assaulted and injured. (*Id*. ¶¶ 134-36.) Accepting these allegations as true, as the Court must at this stage, a reasonable officer would have known that it was unlawful to allow front-line officers to spread rumors about prisoners as a way of controlling prisoners because courts have recognized since at least 1989 that being labeled a snitch or sex offender can place a prisoner at a risk of harm. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (holding that the question whether prison officials called the plaintiff "a 'snitch'

in the presence of other inmates is material to a section 1983 claim for denial of the right not to be subjected to physical harm" from other prisoners); *Puckett v. Arreguin*, No. 1:10-cv-00971-MJS (PC), 2012 WL 1119460, at *3 (E.D. Cal. April 3, 2012) ("being labeled a 'pedophile,' 'rapist,' or 'child molester' is as least as dangerous in prison as being called a snitch"); *Morgan v. Brown*, No. 1:17-cv-00425-LJO-JLT, 2017 WL 4247970, at *4 (E.D. Cal. Sept. 22, 2017) ("a serious danger may be present when a prisoner has a special attribute which should put prison officials on alert, such as having been an informer or being placed in protective custody") (citing cases).  At this point in the proceedings, Defendant Ryan has not shown that he is entitled to qualified immunity.  The Court will therefore deny this portion of the Motion to Dismiss without prejudice with leave to reassert the qualified immunity argument at summary judgment upon further development of the record.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Defendant Ryan's Motion to Dismiss (Doc. 74), and the Motion is **denied**.

Dated this 12th day of January, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge